IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| WELLS FARGO BANK, N.A., )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES THOMPSON, HI-TECH )<br>ELECTRIC LLC, and A.J.M. )<br>PACKAGING CORPORATION, )<br>)<br>   Defendants. )<br>) | **COMPLAINT IN INTERPLEADER** |

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo"), by and through undersigned counsel, files this Complaint in Interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1335 and 2361, against Defendants Charles Thompson ("Thompson"), Hi-Tech Electric LLC ("Hi-Tech"), and A.J.M. Packaging Corporation ("A.J.M. Packaging") (collectively, "Claimant Defendants"), by alleging and stating as follows:

## PRELIMINARY STATEMENT

1. Wells Fargo seeks to interplead funds currently being restrained in Thompson's checking account at Wells Fargo in connection with two allegedly fraudulent wires that were sent from Hi-Tech and A.J.M. Packaging, respectively, to Thompson.

2. Because there are multiple claimants to the funds at issue, Wells Fargo, as a disinterested stakeholder, seeks to interplead the funds into the Court Registry to allow the Claimant Defendants to make their respective claims to the funds.

## PARTIES

3. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

4. Upon information and belief, Thompson is a resident citizen of Rocky Mount, Nash County, North Carolina. Furthermore, the funds at issue in this Interpleader action are currently being restrained in an account held by Thompson that was opened in Wendell, North Carolina and maintained in or around Wendell, North Carolina.

5. Hi-Tech is a Washington D.C. limited liability company with its principal place of business in Washington D.C. Accordingly, Hi-Tech is a citizen of Washington D.C.

6. A.J.M. Packaging is a Michigan Corporation with its principal place of business in Bloomfield Hills, Michigan. Accordingly, A.J.M. Packaging is a citizen of Michigan.

## VENUE AND JURISDICTION

7. This is an action for interpleader of a sum that exceeds $500.00.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1335 and 2361, in that there is diversity of citizenship between at least two of the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

9. This Court has jurisdiction over the Claimant Defendants because the funds at issue were wired to, and a portion thereof remain restricted in, Thompsons' account at Wells Fargo that was opened in Wendell, North Carolina. Furthermore, 28 U.S.C. § 2361 grants district courts authority to issue nationwide service of process in statutory interpleader actions.

10. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the claim occurred in this District.

# FACTS

11. On or about April 18, 2019, A.J.M. Packaging wired $17,318.25 (the "A.J.M. Packaging Wire") from its Wells Fargo Wells One Account, Account XXXXXX7936 ("A.J.M. Packaging Account"), to a Wells Fargo Everyday Checking Account, Account # XXXXXX6873, owned by Thompson (the "Thompson Account").

12. Wells Fargo was subsequently advised that the A.J.M. Packaging Wire had been fraudulently directed to the Thompson Account.

13. On or about April 19, 2019, Hi-Tech wired $63,169.00 (the "Hi-Tech Wire") from its Wells Fargo Analyzed Business Checking Account, Account # XXXXXXX8574 ("Hi-Tech Account"), to the Thompson Account.

14. Wells Fargo was subsequently advised that the Hi-Tech Wire had been fraudulently directed to the Thompson Account.

15. Wells Fargo thereafter restrained the Thompson Account, which has a balance of $64,152.63 (the "Restrained Proceeds").

16. Despite multiple requests, Thompson has not authorized Wells Fargo to debit the Restrained Proceeds from the Thompson Account.

17. Accordingly, there are multiple claims to the Restrained Proceeds.

18. There is now a dispute as to which of the Claimant Defendants is entitled to the Restrained Proceeds.

19. Wells Fargo seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to those funds.

20. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

21. At all times material, the relationships between: (a) Wells Fargo and Thompson relative to the Thompson Account; (b) Wells Fargo and Hi-Tech relative to the Hi-Tech Account, and (c) Wells Fargo and A.J.M. Packaging relative to the A.J.M. Packaging Account, have been, and are governed by, the Deposit Account Agreement, a true and correct copy of which is attached hereto as **Exhibit A**.

22. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this matter pursuant to the Deposit Account Agreement and applicable North Carolina law where the general rule is that a stakeholder is entitled to recover attorneys' fees and costs from the tendered funds unless there were no rival claimants or the stakeholder unreasonably delayed in filing the action for interpleader.

23. All conditions precedent to recovery have been performed, waived or have occurred.

## FIRST CLAIM FOR RELIEF
### (Interpleader)

24. Paragraphs 1 through 23 of this pleading are incorporated here by reference, the same as if fully set forth verbatim.

25. At this time there exist potentially rival, adverse, and conflicting claims between the Claimant Defendants as to entitlement to the Restrained Proceeds.

26. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

27. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit or release the Restrained Proceeds without the aid of this Court.

28. Wells Fargo is ready, willing, and able to make an unconditional tender of the disputed property and to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

WHEREFORE, Plaintiff Wells Fargo respectfully prays to the Court for the following relief:

1. This Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

2. This Court issue an order requiring the parties to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

3. Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations pursuant to the Restrained Proceeds, the Hi-Tech Wire, the A.J.M. Packaging Wire, the Thompson Account, the Hi-Tech Account, and the A.J.M. Packaging Account;

4. The Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees and servants, regarding the Restrained Proceeds, the Hi-Tech Wire, the A.J.M. Packaging Wire, the Thompson Account, the Hi-Tech Account, and the A.J.M. Packaging Account;

5. Wells Fargo be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

6. Wells Fargo be dismissed as a party to this action; and

7. For such other and further relief as this Court deems just, equitable and proper.

This, the 29th day of July, 2019.

/s/ Elizabeth Sims Hedrick
Elizabeth Sims Hedrick
N.C. State Bar No. 38513
ehedrick@foxrothschild.com
Jessica L. Green
N.C. State Bar No. 52465
jgreen@foxrothschild.com

FOX ROTHSCHILD LLP
434 Fayetteville Street, Suite 2800
Raleigh, NC 27601
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

*Attorneys for Plaintiff Wells Fargo Bank, N.A.*